IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

TEVIN DARRELL NEIGHBORS,

Plaintiff,

v.

DANIEL PACHECO, *et al.*,

Defendants.

2:25-CV-097-Z-BR

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge to dismiss this case as frivolous and for failure to state a claim under 28 U.S.C. Section 1915A(b).[1] ECF No. 28. An Objection to the FCR has been filed. ECF No. 29. After making an independent review of the pleadings, files, and records in this case, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 28) is **ADOPTED** and this case is **DISMISSED with prejudice**.

**LEGAL STANDARD**

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and

[1] The FCR recommends dismissal under 28 U.S.C. Section 1915(e)(2)(B). ECF No. 28 at 19. Dismissal under that section is for plaintiffs proceeding *in forma pauperis* ("IFP"). *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). Plaintiff's IFP application was denied (ECF No. 10), and he subsequently paid the filing fee. Thus, dismissal under Section 1915(e)(2)(B) is "inappropriate." *See Thompson v. Hayes*, 542 F. App'x 420, 420 (5th Cir. 2013). However, Section 1915A requires dismissal on the same grounds as Section 1915(e)(2)(B) for a prisoner seeking redress from an "officer or employee of a governmental entity," even if they are not proceeding IFP. 28 U.S.C. § 1915A; *see also Thompson*, 542 F. App'x at.420–21. Because Plaintiff is a prisoner suing government employees, screening and dismissal under Section 1915A(b) are appropriate. Thus, the Court construes the FCR as recommending dismissal under Section 1915A(b). Any error was harmless, because the standards and grounds for dismissal under the two sections are the same. *See Thompson*, 542 F. App'x at 420–21.

recommendations." FED. R. CIV. P. 72(b)(2). Under the "prison mailbox rule," a pro se prisoner's objections are deemed filed when delivered to prison authorities. *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993). For timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the fourteen-day period, the Court reviews the Magistrate Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

**ANALYSIS**

The Magistrate Judge filed her FCR on August 20, 2026. ECF No. 28. Plaintiff dated his Objection thirteen days later, on September 2, 2026. ECF No. 29. The Court assumes Plaintiff's Objection was delivered to prison authorities on the same date and gives him the benefit of the "prison mailbox rule." *See Thompson*, 993 F.2d at 515. Because Plaintiff's Objection was timely, this Court reviews de novo any part of the Magistrate's disposition "that has been *properly* objected to." FED. R. CIV. P. 72(b)(3) (emphasis added).

Plaintiff does not appear to make any specific objections to the FCR. Instead, he merely (1) rehashes previous complaints about his treatment by officers at the Clements Unit; (2) discusses legal principles without showing how they apply to the FCR or the facts here; and (3) alleges criminality on the part of officers without showing how it relates to him or his claims. *See generally* ECF No. 29. Objections to the FCR must be "specific" and "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). Where a party objecting to the FCR fails to assert specific objections, the district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Plaintiff's failure to assert specific

objections is sufficient reason to overrule his objections without further discussion. However, in an abundance of caution, the Court will liberally construe Plaintiff's objections where possible and address them below.

First, Plaintiff objects that he is in "segregation," and that Defendant Pacheco violated policy to put him there "to retaliate." ECF No. 29 at 2; *see also id.* at 3, 4, 7. As the FCR explained, inmates do *not* have a protectable property interest in their custodial classification. *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). Thus, claims for constitutional violations related to custodial classifications, including administrative segregation, are "indisputably meritless." *Id.* As to his retaliation claim, the FCR correctly explained "[a] valid retaliation claim requires a plaintiff to allege that: (1) he exercised a specific constitutional right; (2) the defendant intended to retaliate against him because he exercised that right; (3) he experienced a retaliatory adverse act; and (4) the adverse act would not have occurred but for a retaliatory motive." ECF No. 28 at 9 (ultimately citing *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999)). To be sure, the Fifth Circuit has held that "[d]isciplinary segregation and loss of privileges may constitute an adverse act" in support of a retaliation claim. *Brunson v. Nichols*, 875 F.3d 275, 277 (5th Cir. 2017). But Plaintiff fails to show that any retaliation was due to his exercise of a specific constitutional right. ECF No. 28 at 9. His claim of retaliation is that Pacheco knows the family of the victim in Neighbor's underlying criminal case. *Id.* Thus, even accepting his claim of retaliation as true, he has failed to allege the retaliation is because he exercised a specific constitutional right, and his claim fails. *Id.* Plaintiff's first objection is **OVERRULED**.

Second, Plaintiff seems to object that his property was taken in violation of policies. ECF No. 29 at 2 ("[S]taff are not to take [personal property]."); *see also id.* at 7. As the FCR explained, "a deprivation of a constitutionally protected property interest caused by a state

employee's random, unauthorized conduct does not give rise to a Section 1983 procedural due process claim, unless the State fails to provide an adequate postdeprivation remedy." *Zinermon v. Burch*, 494 U.S. 113, 115 (1990). Plaintiff repeatedly concedes that any alleged confiscation of his personal property was in violation of policy. ECF No. 29 at 2 ("[Officers who confiscate property] fail to adhere to policies."); *id.* (explaining he filed a grievance related to "unauthorized tak[ing] of property" including a tablet). Because Texas law provides adequate post-deprivation remedies of such claims, these allegations fail to state a viable Section 1983 claim. *See* ECF No. 28 at 12–13. Plaintiff's second objection is **OVERRULED**.

Third, Plaintiff seems to object to object that an officer "open[ed] a cell door and walked away on [January 17, 2024]," which allowed a "violent offender" to "walk around [the] facility without hand restraints." ECF No. 29 at 3. He claims this was in violation of policy and violated the Eighth Amendment. *Id.* The incident Plaintiff seems to be referring to is the one in which *he* ran out of his cell and assaulted Defendant Espinosa. ECF No. 20 at 8; Espinosa Case at ECF No. 3. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. CONST. amend. VIII. Plaintiff does not explain how an alleged violation of policy allowing *him* to assault of Espinosa amounts to violation of Plaintiff's Eighth Amendment rights.[2] Plaintiff's third objection is **OVERRULED**.

Fourth, Plaintiff objects that "verbal threats of force may be unconstitutional in extreme cases." ECF No. 29 at 4. Even assuming Plaintiff is correct, he has not provided any specific factual allegations regarding verbal assaults. He simply generically alleges that Espinosa verbally assaulted him. ECF No. 28 at 11. Accordingly, he has failed to state a claim

---

[2] The Court is of course aware that Plaintiff alleges *he* was assaulted by unnamed non-defendant officers in the aftermath of this incident. Espinosa Case at ECF No. 3. The FCR addresses and correctly recommends dismissal Plaintiff's bystander liability claim against Espinosa arising out of that alleged assault. His objections here are addressed to the events leading up to his assault of Espinosa, not the alleged assault of Plaintiff.

that any verbal assaults rose to the level of a constitutional violation. Plaintiff's fourth objection is **OVERRULED**.

Fifth, Plaintiff objects to the FCR's finding that he fails to state a bystander claim against defendant Espinosa. ECF No. 29 at 5–6. As the FCR explained, Plaintiff fails to allege that Espinosa had a reasonable opportunity to prevent the harm but chose not to act. ECF No. 28 at 14. Plaintiff's conclusory objection that Espinosa "allowed retaliation" does not address the FCR's reasoning, nor does it plausibly allege Espinosa could have prevented the alleged harm. Plaintiff's fifth objection is **OVERRULED**.

As already discussed, where a party objecting to the FCR fails to assert specific objections, the district court need not consider frivolous, conclusive, or general objections. *See Battle*, 834 F.2d at 421. To the extent any "objections" are not specifically addressed above, the Court has determined they are not specific objections to the FCR and need not be addressed. Plaintiff's statements which fail to assert specific objections are **OVERRULED**.

**CONCLUSION**

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct following de novo review. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 28) is **ADOPTED** and this case is **DISMISSED with prejudice** under 28 U.S.C. Section 1915A(b).

**SO ORDERED.**

September 28, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE